UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>v.<br><br>DAVI LLC, a California limited liability company dba Holiday Inn Express & Suites Davis,<br><br>Defendant. | No.  2:21-cv-0096 KJM DB<br><br><br>ORDER |

On February 22, 2021, plaintiff filed a motion for default judgment and noticed the motion for hearing before the undersigned on March 26, 2021, pursuant to Local Rule 302(c)(19). (ECF No. 7.)  Plaintiff, however, did not file proof of service of notice of the motion on the defendant.  Accordingly, on March 22, 2021, the undersigned issued an order noting that, while service of a motion for default judgement on a defaulting party is not required, it is the undersigned's practice.  (ECF No. 8.)  The hearing of plaintiff's motion was continued to May 7, 2021, and plaintiff was ordered to serve notice of the motion on the defendant.

On March 28, 2021, plaintiff filed a motion seeking to "be excused from serving the Motion for Default Judgment papers," on the defendant because plaintiff's counsel emailed notice to "'Roberto' who according to Defendant hotel, is the assistant owner of the hote[.]"  (ECF No. 9

1

at 1; ECF No. 9-1 at 2.) Counsel was concerned that the undersigned "may not be aware" that "it is common for defendants in ADA cases to intentionally disregard federal court processes[.]" (ECF No. 1 at 1.)

Counsel is advised that Local Rule 302(c)(19) refers all motions for entry of default judgment to magistrate judges. As a result of this rule, and the frequency in which ADA actions resolve via default judgment, the undersigned is quite familiar with default judgment especially in ADA actions. See generally Pomponio v. Budwal, No. 2:19-cv-1006 TLN DB PS, 2020 WL 3497007 (E.D. Cal. June 29, 2020); Kraus v. Rattu, No. 2:18-cv-0627 MCE DB, 2020 WL 526105 (E.D. Cal. Feb. 3, 2020); Johnson v. Atwal, No. 2:17-cv-1546 MCE DB, 2020 WL 487414 (E.D. Cal. Jan. 30, 2020); Johnson v. Pizano, No. 2:17-cv-1655 TLN DB, 2019 WL 2499188 (E.D. Cal. June 17, 2019); Johnson v. Top Investment Property LLC, No. 2:15-cv-0181 TLN DB, 2018 WL 3993419 (E.D. Cal. Aug. 17, 2018); Johnson v. Vuong, No. 2:14-cv-0709 KJM DB, 2018 WL 3388456 (E.D. Cal. July 11, 2018); DIMAS O'CAMPO, Plaintiff, v. RAGHBIR SINGH GHOMAN, dba QUICK SHOP 2; GHOMAN'S PROPERTIES, LLC, Defendants., No. 2:08-cv-1624 KJM DB PS, 2017 WL 3225574 (E.D. Cal. July 31, 2017). Indeed, it is from this understanding and experience that the undersigned developed the practice of requiring parties seeking default judgment to formally serve the defaulting party with notice of the motion.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 28, 2021 motion for excusal (ECF No. 9) is denied.

Dated: March 29, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/brooke0096.req.den.ord

2